UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23224-CIV-ALTONAGA/Damian

JOSEPH PIGNATELLI,

    Plaintiff,
v.

MSP RECOVERY, INC., *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On August 23, 2023, Plaintiff filed a Complaint [ECF No. 1] asserting six claims under the Securities Exchange Act of 1934 and the Securities Act of 1933. (*See id.* ¶¶ 161–204). The Complaint is an impermissible shotgun pleading. The Court explains.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *Id.* Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of

the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

At the beginning of each count, Plaintiff "repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein." (Compl. ¶¶ 161, 171, 185; *see also id.* ¶ 176 (repeating and realleging every allegation "except any allegation of fraud, recklessness, or intentional misconduct"); *see id.* ¶¶ 192, 201 ("Plaintiff incorporates all the foregoing by reference.")). By "repeat[ing] and realleg[ing]" each preceding paragraph, Plaintiff makes it difficult to ascertain what factual allegations and legal conclusions correspond to all claims except the first. (*Id.* ¶¶ 161, 171, 185 (alterations added)); *see also Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005). This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as "[t]he result is that each count [except the first] is replete with factual allegations [and legal conclusions] that could not possibly be material to that specific count." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **August 28, 2023** to submit an amended complaint correcting the

foregoing deficiencies.

**DONE AND ORDERED** in Miami, Florida, this 24th day of August, 2023.

*[signature]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record