UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH PIGNATELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MSP RECOVERY, INC. F/K/A LIONHEART ACQUISITION CORP. II, JOHN H. RUIZ, CALVIN HAMSTRA, RICARDO RIVERA, OPHIR STERNBERG, JAMES ANDERSON, THOMAS BYRNE, THOMAS HAWKINS, ROGER MELTZER, ALEXANDRA PLASENCIA, FRANK C. QUESADA, BEATRIZ ASSAPIMONWAIT, and MICHAEL F. ARRIGO,<br><br>Defendants. | Case No. 1:23-cv-23224-CMA |

**DEFENDANTS' MOTION FOR THE COURT TO RETAIN JURISDICTION PENDING THE OUTCOME OF PROCEEDINGS BEFORE THE FLORIDA BAR**

Defendants MSP Recovery, Inc., John H. Ruiz, Frank Quesada, Ricardo Rivera, and Alexandra Plasencia, hereby withdraw their Motion for Order to Show Cause, (ECF No. 5), *without prejudice*, and move the Court to retain jurisdiction over this matter for the limited purpose of considering a renewed motion for sanctions following proceedings before the Florida Bar. Defendants submit that the Court is well within its power to expressly retain such jurisdiction, and that such action is warranted under the circumstances here.

1. This Motion follows the roughly two hour hearing held in this matter on October 31, 2023 (the "Hearing"). During the Hearing, the Parties addressed preliminary matters in anticipation of the evidentiary hearing scheduled on Defendants' Motion for Order to Show Cause, (ECF No. 5). As detailed on the record, that Motion concerned perceived violations of The Rules Regulating the Florida Bar by counsel for Plaintiff in its hasty efforts to secure a class

representative and file a class action securities lawsuit against MSP Recovery, Inc. Defendants contend that Plaintiff's counsel (the Rosen Law Firm) sought to side-step the Florida Bar's advertising rules by mischaracterizing its advertisements as "press releases."

2. Those purported press releases *are* advertisements. In fact, the Rosen Law Firm placed a label at the bottom of each press release identifying it as an "Attorney Advertisement". Defendants contend that these advertisements required Florida Bar approval and were in some ways misleading to the public. Rosen Law Firm disagrees, but admits that it has never obtained approval for its MSP-related advertisements. The record discloses that Rosen Law Firm has made a practice of pursing similar cases following similarly unapproved advertising campaigns.

3. At the Hearing, the Court explained its role in reviewing the narrow issues presented, noting that the Court would not make a final determination on the alleged Bar Rule violations. Instead, if warranted, any next step in this case would involve a referral of the matter to The Florida Bar.

4. Defendants advised the Court that they have already prepared a bar complaint, and are ready to promptly file it. Under the circumstances, Defendants submitted that it makes little sense to try the case in two separate fora.

5. Accordingly, Defendants have withdrawn their Motion, (ECF No. 5), *without prejudice* and request (as they did on the record at the Hearing) that the Court clearly retain jurisdiction to determine sanctions after The Florida Bar considers and adjudicates Defendants' Bar Complaint against the Rosen Law Firm.

6. The Eleventh Circuit has made clear that a district court *retains* jurisdiction to consider collateral issues raised in post-dismissal motion. While the "district court 'is immediately deprived of jurisdiction over the merits of a voluntarily dismissed case, . . . the

district court . . . retains jurisdiction . . . to consider . . . collateral issues . . . such as: (1) the imposition of costs, (2) the imposition of attorney's fees, (3) the imposition of contempt sanctions, and (4) the imposition of Rule 11 sanctions." *Russ v. LVNV Funding LLC*, 2022 U.S. Dist. LEXIS 238743, at *2 (N.D. Ga. Nov. 15, 2022) (finding it appropriate for the court to retain jurisdiction over the collateral issue of attorney's fees) (quoting *Absolute Activist Value Master Fund, Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021)). "Because determinations regarding costs, sanctions, and fees do 'not signify a district court's assessment of the legal merits of the complaint,' a voluntary dismissal does not operate to divest the court of jurisdiction over those issues." *Absolute Activist*, 998 F.3d at 1265 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). Indeed, Rule 41(a) "does not codify any policy that the plaintiff's right to one free dismissal also secures the right to [violate the court's rules]." *Id.*

7. The collateral issues raised in Defendants' Motion, (ECF No. 5), occurred pre-dismissal and are within the Court's jurisdiction as "independent proceedings supplemental to" Mr. Pignatelli's now-abandoned action. At the Hearing, both the Parties and the Court appeared to agree that the ultimate determination of violations of The Rules Regulating the Florida Bar should and will be made according to the Florida Bar's process. Under the circumstances, it makes sense for the Court to clearly retain jurisdiction to enter sanctions in the future if and when it is determined that Rosen Law Firm wrongfully solicited Mr. Pignatelli as a client through an unapproved advertising campaign.

## **CONCLUSION**

For the foregoing reasons, and those detailed on the record at the Hearing, the Court should grant this Motion and retain jurisdiction to enter sanctions following adjudication of Defendants' Bar Complaint against Rosen Law Firm.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

The Parties discussed the relief sought herein with the Court at length during the Hearing and counsel for Plaintiff advised that it agrees to the withdrawal of the Motion, (ECF No. 5), without prejudice but opposes the Court expressly retaining jurisdiction to address sanctions.

Respectfully submitted on this 1st day of November, 2023.

**ARMAS BERTRAN ZINCONE**
4960 SW 72nd Ave, Suite 206
Miami, FL 33155
Tel: (305) 661-2021

*/s/ Francesco Zincone*
Francesco Zincone
fzincone@armaslaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk via CM/ECF this 1st day of November, 2023, and was served on all counsel of record via CM/ECF email notification.

*/s/ Francesco Zincone*
Francesco Zincone